IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

KENNETH KOLODZIEJ,           )
    Plaintiff,           )
                             )
vs                           ) Civil Action No. 08-820
                             )
BOROUGH OF ELIZABETH,        )
MAYOR JOHN YACURA, individually; )
and ARLO A. ROMA, individually, )
    Defendants.          )

<u>MEMORANDUM OPINION AND ORDER</u>

MITCHELL, Magistrate Judge:

    Presently before the Court is a motion to dismiss the complaint for failure to state a claim submitted by defendants Borough of Elizabeth and its Mayor, John Yacura. For reasons discussed below, the defendants' motion to dismiss (Document No. 4) is granted as to Counts II, III, IV and V of the complaint and denied in all other respects.

    The plaintiff, Kenneth Kolodziej, has filed a civil rights complaint pursuant to 42 U.S.C. §§ 1983, 1985 and 1988 against defendants Borough of Elizabeth (the "Borough"), its Mayor, John Yacura, and its Building Inspector/Code Enforcement Officer, Arlo A. Roma.[1] The plaintiff complains that the defendants, individually and in conspiracy, violated his Fifth and Fourteenth Amendment rights to substantive due process rights, procedural due process, equal protection of the law, and freedom from a regulatory taking or condemnation of his property

---

1. The complaint was filed on June 13, 2008, but defendant Roma has not yet been served with a copy of it. In resolving the defendants' motion to dismiss, our disposition of the plaintiff's claims would also apply to the claims against defendant Roma.

without due process of law.  The Court's federal question and supplemental jurisdiction are invoked.

As gleaned from the complaint, the plaintiff alleges as follows: in or about April 2004, he purchased a commercial building and parcel located at 113 2nd Avenue in Elizabeth, PA, also known as the Jaskols Building, which is situated in the Borough.  Defendant Yacura and/or defendant Roma resented the plaintiff for acquiring the Jaskols Building, as they too wanted to acquire, develop and market it as a commercial office building.  As a result, they decided to assert their authority to hinder or prevent the plaintiff from developing the property.

On June 14, 2006, the defendants posted the property and issued a letter to the plaintiff which falsely asserted that the Borough inspected the property and found it to be substandard, such that he had to obtain a building permit from the Borough to perform work necessary to bring the building into compliance.  In response to that letter, he applied for a building permit from the Borough.  On July 5, 2006, the defendants denied him a permit to perform work on the building and required him to submit drawings and a report from a certified structural engineer, confirming that the structural integrity of the building was sound and could be shored before a building permit would be issued.

At the time of the aforesaid letters of June 14, 2006 and July 5, 2006, the Borough had elected not to enforce the Uniform Construction Code ("UCC") pursuant to Act 45 of 1999. Having opted out of administering the UCC as of July 8, 2004, the Borough was responsible for notifying applicants for commercial building permits that they had to secure permits and inspections from the PA Department of Labor and Industry, but it failed to do so.  As an opt out municipality under the UCC, the Borough, upon receiving the plaintiff's application for a

building permit, should have issued him a "Notice to Applicant for Commercial Building Permit of Non-Enforcement by Municipality" ("Notice of Non-Enforcement") and informed the PA Department of Labor and Industry that it advised him to seek commercial construction approvals from it, but the defendants failed to do so.

On or about August 6, 2006, the defendants acted in concert and in accordance with Borough ordinances, including ordinance 483, to condemn the plaintiff's property, and they threatened to demolish the building on it. According to the plaintiff, the defendants' failure to issue him the required "Notice of Non-Enforcement" was in direct violation of state law and violated his constitutional right to use, enjoy and profit from his property.

On or about November 17, 2007, the plaintiff again applied for a building permit to perform work on the property. On or about March 10, 2008, the defendants again denied him a building permit and failed to issue him the requisite "Notice of Non-Enforcement". On April 10, 2008, the plaintiff appealed the denial of his request for a building permit. However, the defendants have not yet notified him that a zoning board has been convened to hear his appeal.

The plaintiff contends that the defendants violated his constitutional rights by continuing to apply zoning ordinances 286, 476 and 483, while asserting authority to handle building permit matters after the Borough opted out of administering the UCC, such that they acted in an arbitrary, capricious and unlawful manner; that they treated him in a disparate manner from similarly situated property owners who were issued building permits without having to submit drawings and a report from a certified structural engineer; and that they engaged in a virtual taking of his property by denying his applications for building permits, condemning his property, and ignoring his appeal.

In his five-count complaint, the plaintiff asserts that the defendants deprived him of his Fourteenth Amendment rights to substantive due process (Count I), procedural due process (Count II), and equal protection of the law (Count III). He also contends that they violated his Fifth and Fourteenth Amendment rights to be free from a regulatory taking or an inverse or direct condemnation of his property without due process (Count IV) and conspired with each other to deprive him of his rights in violation of 42 U.S.C. § 1985 (Count V).

Defendants Borough and Yacura have moved to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6). They argue that the plaintiff's Fifth and Fourteenth Amendment claims are not ripe for adjudication, as the Borough has not issued its final decision on his appeal. The movants also insist that the plaintiff's conspiracy claim fails, as he has not alleged a racial or class-based discriminatory animus which is necessary to support a claim under § 1985(3).

In reviewing a motion to dismiss, all well-pleaded allegations of the complaint must be accepted as true and viewed in a light most favorable to the non-movant. Estelle v. Gamble, 429 U.S. 97 (1976). To survive a motion to dismiss, a complainant's "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007). A complaint will be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Id. at 1974.

In a land use controversy, the ripeness of a claim alleging a constitutional violation depends on whether the plaintiff is making an "as-applied" challenge, or a "facial" attack on a zoning ordinance or regulation. A plaintiff makes an "as-applied" challenge when he contends that a defendant municipality violated his constitutional rights in the manner in which it applied an ordinance or regulation to his property. County Concrete Corp. v Town of Roxbury,

4

442 F.3d 159, 164 (3d Cir. 2006); Cornell Companies, Inc. v. Borough of New Morgan, 512 F.Supp.2d 238, 256 (E.D.Pa. 2007). In contrast, a plaintiff makes a "facial" attack on an ordinance or regulation by claiming that its mere enactment violated his rights, and that any application of it is unconstitutional. Id.

In Williamson County Regional Planning Com. v. Hamilton Bank, 473 U.S. 172, 186, 195 (1985), the Supreme Court held that an "as-applied" Fifth Amendment takings claim against a municipality's enforcement of its regulations is not ripe until (1) "the government entity charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue" (the "finality rule"), and (2) "a State provides an adequate procedure for seeking just compensation, [but] the property owner ... has not used the procedure and been denied just compensation". Our Court of Appeals has stated that "Williamson's finality rule bars not only as-applied Just Compensation Takings claims, but also as-applied substantive due process and equal protection claims by property owners ... who have challenged the denial of a permit by an initial decision-maker but failed to take advantage of available, subsequent procedures." County Concrete, supra, 442 F.3d at 164. That is because only when a "'decision maker has arrived at a definitive position on the issue' has a property owner been inflicted with an 'actual, concrete injury.'" Id., quoting Williamson, 473 U.S. at 192.

Here, a final decision on the plaintiff's appeal has not been rendered by the zoning board of review. See, Complaint at ¶¶ 27-29.[2] Hence, the movants argue that the plaintiff's Fifth

---

2. Although the plaintiff argues otherwise, the defendants' condemnation and threatened demolition of his building on August 6, 2006 was not akin to reaching a final definitive position on his appeal, as the plaintiff did not appeal from the denial of his request for a building permit until April 10, 2008. Further, the plaintiff has not alleged facts indicating that defendants have
(continued...)

and Fourteenth Amendment claims are not ripe.

Importantly, the finality rule does not apply to a "facial" attack on a zoning ordinance or regulation. County Concrete, 442 F.3d at 164. As explained in County Concrete, "[a] 'final decision' is not necessary in that context because 'when a landowner makes a facial challenge, he ... argues that *any* application of the regulation is unconstitutional'"; in contrast, "'[in] an as-applied challenge, the landowner is only attacking the decision that applied the regulation to his ... property, not the regulation in general.'" Id., quoting Eide v. Sarasota County, 908 F.2d 716, 724 n.14 (11th Cir. 1990).

In Count I, the defendants are said to have violated the plaintiff's Fourteenth Amendment substantive due process rights. "To prevail on a substantive due process claim, a plaintiff must demonstrate that an arbitrary and capricious act deprived [him] of a protected property interest." County Concrete, 442 F.3d at 165, quoting Taylor Inv., Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1292 (3d Cir. 1993). As discussed above, Williamson's finality rule bars "as-applied" substantive due process claims, County Concrete, 442 F.3d at 164; however, "a facial substantive due process challenge to a zoning ordinance -- asserted on the theory that the law as a whole is arbitrary, capricious and unreasonable -- is ripe even if the plaintiff did not seek a variance from the zoning ordinance." Id. at 166.

Construing Count I in a light most favorable to the plaintiff, we find that he is challenging more than the defendants' decisions to deny his applications for a building permit and condemn his property. He is also making a facial attack on the Borough's use and

---

2. (...continued)
treated the denial of his building permit as final prior to his appeal.

application of zoning ordinances 286, 476 and 483, and the defendants' assertion of authority to handle building permit matters after July 8, 2004 -- when the Borough opted out of enforcing the UCC -- as arbitrary, capricious and unreasonable. See, Complaint at ¶¶ 12, 17-20, 23-24, 26, 32-33, 39-40.

Furthermore, the Third Circuit Court of Appeals has counseled that a plaintiff need not comply with the finality rule where, as here, he claims that Borough officials "'deliberately and improperly interfered with the process by which the [Borough] issued permits, in order to block or to delay the issuance of plaintiff's permits, and that defendants did so for reasons unrelated to the merits to the application for the permits.'". County Concrete, 442 F.3d at 166, quoting Blanche Road Corp. v. Bensalem Twp., 57 F.3d 253, 267-68 (3d Cir. 1995). Having made such allegations in the Complaint at ¶¶ 39-40, the plaintiff's substantive due process claim is ripe. See, County Concrete, 442 F.3d at 166-167.

Still, the movants argue that the plaintiff's substantive due process claim is deficient, as it fails to meet the "shocks the conscience" standard applicable to such claims. In United Artists Theatre Circuit v. Township of Warrington, 316 F.3d 392, 400-01 (3d Cir. 2003), the Court held that alleged violations of substantive due process should be analyzed under a "shocks the conscience" standard, rather than the "improper motive" test formerly utilized in Bello v. Walker, 840 F.2d 1124 (3d Cir. 1988), and its progeny. Under the "shocks the conscience" standard, "only the most egregious official conduct" will constitute a violation of substantive due process. United Artists Theatre Circuit, 316 F.3d at 400, citing County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

In a land-use controversy, official conduct will not be deemed to "shock the

7

conscience" absent allegations of corruption or self-dealing, bias against an ethnic group, interference with constitutionally-protected activity or a virtual "taking" of property. <u>Eichenlaub v. Township of Indiana</u>, 385 F.3d 274, 285-86 (3d Cir. 2004). Thus, in <u>Eichenlaub</u>, the Court held that allegations that municipal officials applied subdivision requirements to appellants' property that were not applied to other parcels, pursued unannounced and unnecessary inspection and enforcement actions against them, delayed permits and approvals, and maligned them were insufficient to "shock the conscience", as such complaints are "the kind of disagreement that is frequent in planning disputes." <u>Id.</u> at 286. Conversely, "allegations of corruption or self-dealing", or that officials sought "to hamper development in order to interfere with otherwise constitutionally protected activity at the project" do state a viable claim. <u>Id.</u>

Here, defendants Yacura and/or Roma are said to have engaged in corruption or self dealing to hamper or prevent the plaintiff from developing his property. Complaint at ¶¶ 21-22. The plaintiff also complains that the defendants' actions in denying his applications for building permits, condemning his property, and delaying his appeal were intended to prevent him from using and profiting from his property and constituted a virtual taking of it. Complaint at ¶¶ 38, 41. These allegations are sufficient to state a viable substantive due process claim.

In Count II, the plaintiff claims that he was denied procedural due process, as the defendants have delayed convening a zoning board of review to hear his appeal. To establish a violation of procedural due process, the plaintiff must prove that a person acting under color of state law deprived him of a protected property interest, and that the state procedure for challenging the deprivation does not satisfy the requirements of procedural due process. <u>Parratt v. Taylor</u>, 451 U.S. 527, 536-37 (1981). Here, the plaintiff fails to state a viable claim.

8

Under well settled case law, when a state "affords a full judicial mechanism with which to challenge the administrative decision" at issue, it provides adequate procedural due process, irrespective of whether plaintiffs avail themselves of the provided appeal process. DeBlasio v. Zoning Board of Adjustment, 53 F.3d 592, 597 (3d Cir. 1995), cert. denied, 516 U.S. 937 (1995), *overruled on other grounds*, United Artists Theatre Circuit, 316 F.3d 392 (2003)[3]; Midnight Sessions, Ltd. v. City of Phila., 945 F.2d 667, 680 (3d Cir. 1991), *overruled on other grounds*, United Artists Theatre Circuit, 316 F.3d 392 (3d Cir. 2003); Long v. Borough of Ringwood, 61 F.Supp.2d 273, 279 (D.N.J. 1998), aff'd., 213 F.3d 628 (3d Cir. 2000). Indeed, "[i]t is the law of this Circuit that a state provides adequate due process when it provides reasonable remedies to rectify a legal error by a local administrative body." Bello v. Walker, supra, 840 F.2d at 1128.

In Bello, the Court opined that "Pennsylvania affords a full judicial mechanism with which to challenge [an] administrative decision to deny an application for a building permit." Id. In Midnight Sessions, supra, our Court of Appeals explained that "[t]he availability of a full judicial mechanism to challenge the administrative decision to deny an application, even an application that was wrongly decided, preclude[s] a determination that the decision was made pursuant to a constitutionally defective procedure." 945 F.2d at 681. Clearly, Pennsylvania affords reasonable remedies to satisfy the requirements of due process.

---

3. As discussed above, in United Artists Theatre Circuit, supra, the Third Circuit Court of Appeals changed the standard for establishing a substantive due process claim, adopting a "shocks the conscience" test, rather than the formerly used "improper motive" test. 316 F.3d at 399-401. However, with respect to claims implicating procedural due process, the cases we cite which predate United Artists Theatre Circuit remain good law. See, Highway Materials, Inc. v. Whitemarsh Township, 2004 WL 2220974, * 9, n.11 (E.D.Pa., Oct. 4, 2004).

We are mindful that this is not a case where the plaintiff failed to take advantage of the available appeals process. Rather, he filed an appeal, but despite the passage of several months, the defendants have not convened a zoning board of review to hear his appeal. Complaint at ¶¶ 28-29. As the movants point out, however, by virtue of the zoning board's delay in hearing the plaintiff's appeal, his application for a building permit has been deemed approved under Pennsylvania law.

Indeed, as provided in Pennsylvania's Municipalities Planning Code, when an applicant files an appeal, the first hearing before a zoning hearing board "shall be commenced within 60 days from the date of receipt of the applicant's application, unless the applicant has agreed in writing to an extension of time." See 53 P.S. § 10908(1.2). "[W]here the board fails to ... commence, conduct or complete the required hearing as provided in subsection (1.2), the decision shall be deemed to have been rendered in favor of the applicant unless the applicant has agreed in writing or on the record to an extension of time." 53 P.S. § 10908(9). "When a decision has been rendered in favor of the applicant because of the failure of the board to meet or render a decision ..., the board shall give public notice of said decision within ten days from the last day it could have met to render a decision ... If the board shall fail to provide such notice, the applicant may do so." Id.

Based on the foregoing, the plaintiff has failed to state a claim for deprivation of procedural due process. Hence, Count II is dismissed.

In Count III, the defendants are said to have violated the plaintiffs' equal protection rights by treating him differently than similarly-situated property owners without a rational basis. The United States Supreme Court has explained:

> The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike.

City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985).

Here, the plaintiff contends that the Borough treated him in a disparate manner by issuing building permits to similarly-situated property owners without requiring them to submit drawings and a report from a certified structural engineer on the structural integrity of their buildings, as he was made to do. Complaint at ¶¶ 16, 34-36. This claim is not ripe, as the plaintiff is making an "as-applied" challenge to the Borough's decisions denying his applications for a building permit. That is, in claiming he was treated differently than similarly-situated property owners, the plaintiff is challenging the manner in which the defendants applied an ordinance or regulation to his property.

However, for an equal protection claim to be deemed a "facial" challenge, a plaintiff must assert that the mere enactment or application of an ordinance is unconstitutional, as it treats his property differently than that of similarly-situated landowners. See, County Concrete, 442 F.3d at 167. A property owner makes a facial challenge by claiming that a municipality knew exactly how he intended to use his property and passed an ordinance specifically tailored to prevent that use. Cornell Companies, supra, 512 F.Supp.2d at 258, citing County Concrete, 442 F.3d at 167. Here, the plaintiff does not make a "facial" challenge in Count III. Since Williamson's finality rule bars as-applied equal protection claims, County Concrete, 442 F.3d at 164, the plaintiff's claim in Count III is not ripe.

In Count IV, the plaintiff contends that the defendants are liable for a regulatory

taking or an inverse or direct condemnation of his property without due process. Specifically, he claims that "[d]efendants' actions in denying [his] applications for building permits, in delaying and ignoring his efforts to appeal therefrom, and in condemning the property constituted and caused a virtual taking of [his] property." Complaint at ¶ 41.

The Fifth Amendment, made applicable to the states by the Fourteenth Amendment, provides that "private property [shall not] be taken for public use, without just compensation." The United States Supreme Court has explained that the Takings Clause "is designed not to limit the governmental interference with property rights *per se*, but rather to secure *compensation* in the event of otherwise proper interference amounting to a taking." First English Evangelical Lutheran Church of Glendale v. County of Los Angeles, CA, 482 U.S. 304, 315 (1987) (italics in original). "Thus, government action that works a taking of property rights necessarily implicates the constitutional obligation to pay just compensation." Id.

The plaintiff's takings claim is not ripe for two reasons. First, he appears to be making an "as-applied" Fifth Amendment challenge. To survive Williamson's finality rule and be deemed a "facial" attack, a plaintiff must allege that the mere enactment of an ordinance, or any application of it has denied him all economically viable use of his property. County Concrete, 442 F.3d at 164-165. In contrast, where a plaintiff claims that a municipality's particular decision applying an ordinance to his property has caused a taking of it, he makes an "as-applied" claim which fails to comply with the finality rule. Id. Since we construe the plaintiff's claim to be an "as-applied" Fifth Amendment challenge, it is not ripe.

In addition, a Fifth Amendment takings claim against a municipality's enforcement of a zoning ordinance is not ripe if a State provides an adequate procedure for

seeking just compensation, but the property owner has not utilized such procedure and been denied just compensation. Williamson, 473 U.S. at 194-95. That is, "if a State provides an adequate procedure for seeking just compensation, the plaintiff must have exhausted this procedure in order for his or her Takings claim to be ripe for federal adjudication." County Concrete, 442 F.3d at 168.

This prudential hurdle to a regulatory takings claim "stems from the Fifth Amendment's proviso that only takings without 'just compensation' infringe that Amendment". Suitum v. Tahoe Regional Planning Agency, 520 U.S. 725, 734 (1997). As the Court explained in Suitum, "[o]rdinarily, a plaintiff must seek compensation through state inverse condemnation proceedings before initiating a takings suit in federal court, unless the State does not provide adequate remedies for obtaining compensation." Id. at 734, n.8.

The Third Circuit Court of Appeals has stated:

> Pennsylvania provides adequate process for plaintiffs
> to obtain just compensation. Pennsylvania's Eminent
> Domain Code provides inverse condemnation procedures
> through which a landowner may seek just compensation
> for the taking of property. See, Pa.Con.Stat. §§ 308,
> 502(c), 709... Where there is a procedure for seeking just
> compensation, 'the property owner cannot claim a violation
> of the [Takings] Clause until [he] has used the procedure
> and been denied just compensation.'

Chainey v. Street, 523 F.3d 200, 223 (3d Cir. 2008), quoting Williamson, 473 U.S. at 195. Here, the plaintiff does not claim that he exhausted state just compensation procedures. Based on the foregoing, his takings claim in Count IV is not ripe.

In Count Five, the plaintiff contends that the defendants conspired to deprive him of his Fifth and Fourteenth Amendment due process and equal protection rights in violation of

42 U.S.C. § 1985. In moving to dismiss this claim, the movants argue that to the extent it arises under 42 U.S.C. § 1985(3), the plaintiff fails to state a viable claim, as he does not allege that the conspiracy was motivated by a class-based, invidiously discriminatory animus.

The plaintiff acknowledges that his conspiracy claim is based on 42 U.S.C. § 1985(3).[4] The plaintiff also concedes that he failed to plead the requisites of a § 1985(3) conspiracy, as the complaint is devoid of allegations that the defendants' alleged conspiracy was motivated by a class-based, invidiously discriminatory animus.[5] Accordingly, Count Five of the complaint is dismissed.

An appropriate Order will be entered.

---

4. Under 42 U.S.C. § 1985(3), an action may be brought by a person injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." 42 U.S.C. § 1985(3). It is clear that "because § 1985(3) requires the 'intent to deprive of *equal* protection, or *equal* privileges and immunities,' a claimant must allege 'some racial, *or perhaps otherwise class-based,* invidiously discriminatory animus behind the conspirators' action' in order to state a claim." Farber v. City of Paterson, 440 F.3d 131, 135 (3d Cir. 2006) (emphasis in original), quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971).

5. See, plaintiff's brief in opposition to defendants' motion to dismiss at pp. 18-20.

14

O R D E R

AND NOW, this 10th day of November, 2008, for the reasons set forth in the Court's Memorandum Opinion,

IT IS ORDERED that the motion to dismiss filed by defendants Borough of Elizabeth and its Mayor, John Yacura (Document No. 4), is granted as to Counts II, III, IV and V of the complaint and denied in all other respects.

s/ ROBERT C. MITCHELL
United States Magistrate Judge